IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

DANIEL LEWIS LEE,

Petitioner-Appellant,     Case No. 20-2128

v.     CAPITAL CASE
EXECUTION SCHEDULED FOR
UNITED STATES OF AMERICA     JULY 13, 2020
Respondent-Appellee.

UNOPPOSED MOTION FOR LEAVE TO FILE OVERSIZE BRIEF

Petitioner-Appellant, Daniel Lee, respectfully requests an enlargement of the word limitation for his opening brief under Federal Rule of Appellate Procedure 32 and Circuit Rule 32(c). Petitioner-Appellant requests leave to file a brief of no more than 17,000 words. Counsel for the Government does not oppose this request.

Mr. Lee is scheduled to be executed on July 13, 2020. Since November of last year, Mr. Lee's execution had been enjoined by the United States District Court for the District of Columbia. In April 2020, a fractured panel of the D.C. Court of Appeals vacated that injunction, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020) (per curiam) ("*In re FBOP*") and issued its mandate on July 12, 2020. Three days later, on June 15, the Government scheduled Mr. Lee's execution for July 13, 2020.

When his execution date was scheduled, Mr. Lee's §2241 proceeding was still pending in the District Court for the Southern District of Indiana. His Rule 59(e) motion was denied on June 26, 2020, and he filed a notice of appeal to this Court

the same day. *Lee v. Warden USP Terre Haute, et al.*, No. 2:19-cv-00468-JPH-DLP (S.D. Ind.), Dkt. 46.

The issues in Mr. Lee's appeal are extremely complex. They arise from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and involve two separate and distinct claims each with an independent basis for §2241 jurisdiction. The claims relate to decisions issued by four different district court judges and several panels of Eighth Circuit judges.

The procedural history of Mr. Lee's case is also complicated and circuitous. These prior proceedings include:

- a lengthy multi-defendant capital trial in the Eastern District of Arkansas;

- the grant of a new trial, *see United States v. Daniel Lee*, 89 F.Supp.2d 1017 (E.D. Ark. Mar. 21, 2000);

- the Government's appeal from that grant of a new trial, *see United States v. Daniel Lewis Lee,* 274 F.3d 485 (8th Cir. 2001);

- Mr. Lee's direct appeal, *see United States v. Daniel Lee*, 374 F.3d 637 (8th Cir. 2004);

- his §2255 proceedings (with both Rule 59 and Rule 60(b) decisions), *see United States v. Daniel Lee*, No. 4:97-cr-243 (E.D. Ark. Aug. 28, 2008), Dkt. 1163 (order denying § 2255 motion); *United States v. Daniel Lee*, No. 4:97-cr-243 (E.D. Ark. Dec. 22, 2010) (order denying Rule 59(e) motion), Dkt. 1180; *United States v. Daniel Lee*, No. 4:97-cr-243 (E.D. Ark. Mar. 18, 2014), Dkt. 1249 (order denying Rule 60(b) motion);

- subsequent post-§2255 litigation, *see United States v. Daniel Lee*, No. 4:97-cr-243 (E.D. Ark. Feb. 26, 2019), Dkt. 1313 (order denying second-in-time § 2255 motion);

- and appeals, *see United States v. Daniel Lee*, No. 715 F.3d 215 (8th Cir. 2013) (affirming denial of § 2255 motion); *United States v. Daniel Lee*, 792 F.3d 1021 (8th Cir. 2015) (affirming denial of Rule 60(b) motion); *United States v. Daniel Lee,* 811 F.3d 272 (8th Cir. 2015) (Kelly, J., dissent from

denial of rehearing); *United States v. Daniel Lee*, No. 19-2432 (8th Cir. Nov. 4, 2019) (Order denying Certificate of Appealability; Kelly, J., dissenting).

These proceedings spanned a number of years but are all relevant to the claims on appeal in this Court concerning the availability of 28 U.S.C. § 2241 pursuant to the Savings Clause of 28 U.S.C. § 2255(e), and therefore must be addressed in Mr. Lee's brief.

Most importantly here, however, are the time constraints imposed by the impending execution date. Counsel are aware that this Court is "more receptive to requests for additional time to allow litigants to hone and refine their arguments…than to file oversize briefs." *Fleming v. County of Kane, State of Ill.*, 855 F.2d 496, n.1 (7th Cir. 1988). However, given the short time allowed by the Government's chosen execution date, counsel do not have the luxury of asking for an extension of time. Given the importance of the issue at stake in this litigation—Mr. Lee's life—counsel would like to give this Court as much time as possible to review the weighty issues in this appeal.

For the foregoing reasons, Petitioner-Appellant requests leave to file an oversize brief of not more than 17,000 words. The proposed oversize brief, short appendix, and supplemental appendix are attached to this motion.

Respectfully submitted,

/s/ Morris H. Moon
MORRIS H. MOON
Bar Number 24032750 (TX)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

/s/ George G. Kouros
GEORGE G. KOUROS
Bar Number 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Seventh Circuit using the CM/ECF system on July 7, 2020. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ George G. Kouros
GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org