In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 20-2128

DANIEL LEWIS LEE,

*Petitioner-Appellant,*

*v.*

T. J. WATSON, Warden, and
UNITED STATES OF AMERICA,

*Respondents-Appellees.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:19-CV-00468-JPH-DLP — **James Patrick Hanlon**, *Judge.*

———————

SUBMITTED JULY 9, 2020 — DECIDED JULY 10, 2020

———————

Before SYKES, *Chief Judge,* and EASTERBROOK and BARRETT, *Circuit Judges.*

SYKES, *Chief Judge.* Daniel Lewis Lee and his codefendant, Chevy Kehoe, were members of the Aryan Peoples' Republic (a/k/a Aryan Peoples' Resistance), a white supremacist organization founded for the purpose of establishing an independent nation of white supremacists in the Pacific Northwest. In January 1996 Lee and Kehoe traveled from the

State of Washington to the Arkansas home of William Mueller, a firearms dealer who owned a large collection of guns and ammunition. There they overpowered Mueller and his wife, Nancy, and questioned their eight-year-old daughter Sarah about the location of Mueller's guns, ammunition, and cash. After stealing about $30,000 worth of weapons and $50,000 in cash and coins, Lee and Kehoe shot all three victims with a stun gun, placed plastic bags over their heads, and sealed the bags with duct tape to asphyxiate them. They then taped rocks to the three victims and threw them into the Illinois Bayou. The bodies were discovered six months later in Lake Darnelle near Russellville, Arkansas. *United States v. Lee*, 374 F.3d 637, 642 (8th Cir. 2004).

Lee and Kehoe were indicted in federal court in the Eastern District of Arkansas on three counts of capital murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), and related crimes. In May 1999 they were convicted by a jury in a joint trial, and the district judge scheduled separate penalty phases. *United States v. Lee*, 274 F.3d 485, 488 (8th Cir. 2001). Kehoe's case went first, and the jury returned a verdict of life in prison without release. *Id.* In Lee's sentencing proceeding, prosecutors introduced evidence of his involvement as a teenager in a 1990 murder in Oklahoma. In that earlier homicide, Lee severely beat the victim and forced him down a manhole into a sewer, then gave a knife to his cousin, who repeatedly stabbed the victim and slit his throat. Lee and his cousin were charged with first-degree murder, but Lee's case was resolved with a guilty plea to robbery with a suspended sentence, which the government characterized in its argument to the jury as a "gift" from Oklahoma prosecutors. Also, as relevant here, in cross-examination of Lee's psychological expert, the government elicited testimo-

ny about Lee's future dangerousness—specifically, a psychological test known as the Hare Psychopathy Checklist-Revised, which the government's expert had administered to Lee and yielded a score in the psychopathy range. Lee's jury returned a verdict of death.

The Eighth Circuit affirmed Lee's convictions and death sentence. 374 F.3d 637 (8th Cir. 2004); 274 F.3d 485 (8th Cir. 2001). Lee pursued a full round of collateral review under 28 U.S.C. § 2255 raising multiple grounds, including ineffective assistance of trial counsel. 715 F.3d 215 (8th Cir. 2013). He filed many subsequent requests for collateral relief, but all failed on the merits or for lack of the authorization required by 28 U.S.C. § 2244(b)(3) and § 2255(h). *See, e.g.,* No. 4:97-cr-00243-02-KGB, 2020 WL 3625732 (E.D. Ark. July 2, 2020); No. 4:97-cr-00243-02-KGB, 2020 WL 3618709 (E.D. Ark. July 2, 2020); 960 F.3d 1023 (8th Cir. 2020); No. 19-2432 (8th Cir. Nov. 4, 2019); 792 F.3d 1021 (8th Cir. 2015).

In July 2019 the United States scheduled Lee's execution for December 9, 2019. Two months later he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is confined in the Terre Haute federal prison. He requested a stay of execution but later withdrew that request. The district judge nonetheless stayed Lee's execution. We vacated the stay order because § 2255(e) bars a § 2241 petition with a limited exception for claims for which a motion under § 2255 is "inadequate or ineffective to test the validity of" the prisoner's detention; the exception is customarily referred to as the "Savings Clause." Lee's § 2241 petition raised two challenges

to his death sentence: a *Strickland* claim[1] for ineffective assistance of trial counsel during the sentencing phase and a *Brady*/*Napue* claim[2] based on evidence that was supposedly newly discovered. The former claim attacked counsel's failure to adequately object to the government's cross-examination of the defense psychologist regarding the psychopathology test; the latter was premised on a document in the court record in Lee's 1990 Oklahoma murder case that current counsel contends sheds some light on why the case was resolved as a robbery.

In our order vacating the stay, we explained that Lee's likelihood of success on the merits was "slim" because both claims—*Brady* claims alleging suppression of exculpatory evidence and *Strickland* claims alleging ineffective assistance of counsel—are "regularly made and resolved under § 2255," so the remedy by motion cannot be called "inadequate or ineffective" for purposes of the Savings Clause. *Lee v. Watson*, No. 19-3399, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019). We considered and rejected the possibility that Lee's case might satisfy the standard established in *Webster v. Daniels*, which holds that § 2255 may be inadequate or ineffective if the provision for successive collateral attacks in § 2255(h) does not permit a prisoner to present newly discovered evidence that "existed *before* the time of the trial" but was unavailable "despite diligence on the part of the defense." 784 F.3d 1123, 1140 (7th Cir. 2015) (en banc). In *Webster* the newly discovered evidence had a bearing on

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

whether the prisoner was "categorically and constitutionally ineligible for the death penalty" under the Supreme Court's decisions in *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 572 U.S. 701 (2014), based on intellectual disability. *Webster*, 784 F.3d at 1125. In our December 6 order, we held that Lee's § 2241 petition was not likely to succeed under *Webster* because the evidence he claims is "newly discovered" was both known to him and publicly available in the court record of his Oklahoma murder case and thus was readily ascertainable with reasonable diligence and not concealed by the prosecution.

Our order vacating the stay had no immediate effect because Lee's sentence was subject to a separate injunction entered in litigation in the district court for the District of Columbia involving a broader challenge to the federal execution protocol. While that litigation proceeded, the district judge in this case denied Lee's § 2241 petition as barred by § 2255(e) for essentially the same reasons we identified in our order vacating the stay. *Lee v. Warden USP Terre Haute*, No. 2:19-cv-00468-JPH-DLP, 2020 WL 1317449 (S.D. Ind. Mar. 20, 2020). A week later the Court of Appeals for the District of Columbia Circuit vacated the district court's injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020). In June Lee's execution date was rescheduled for July 13, 2020. On June 26, 2020, the judge denied Lee's Rule 59 motion to alter or amend the judgment, *Lee*, No. 2:19-cv-00468-JPH-DLP, 2020 WL 3489355 (S.D. Ind. June 26, 2020), and Lee filed his notice of appeal that same day.

On June 29, 2020, the Supreme Court denied certiorari in the *Execution Protocol* case under the name *Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763. Three days later a panel of this court issued a decision affirming the denial of a § 2241 petition by another death-row prisoner confined at the Terre Haute prison. *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020). *Purkey* squarely rejected the arguments Lee raises here. On July 8 Lee moved for leave to file an oversized appellate brief and tendered the brief with the motion, but the brief makes scant mention of *Purkey*. We granted the motion that same day and ordered the government to respond by 5 p.m. Central Time on July 9. It has done so. Oral argument is unnecessary because under *Purkey* and our December 6, 2019 order vacating the stay of execution, Lee's arguments are frivolous.

*Purkey* holds unambiguously that under *Webster* and earlier circuit precedent,[3] a § 2241 petition may not proceed under the Savings Clause absent "a compelling showing" that it was "impossible" to use § 2255 to cure the defect identified in the § 2241 petition; "[i]t is not enough that proper use of the statute results in a denial of relief." *Id.* at *8. The Savings Clause, we explained, is a "narrow pathway to the general habeas corpus statute," *id.* at *5, and to proceed down that path there must be something "structurally inadequate or ineffective about section 2255 as a vehicle" for the arguments raised in the § 2241 petition, *id.* at *10. That is, "the words 'inadequate or ineffective,' taken in context, must mean something more than unsuccessful." *Id.* at *8.

---

[3] *See Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

No. 20-2128 7

Wesley Purkey filed a § 2241 petition seeking to litigate three new claims of ineffective assistance of counsel; he had raised a Sixth Amendment claim for ineffective assistance of trial counsel in his § 2255 motion, accusing his trial counsel of ineffectiveness "in 17 different particulars" but had not included the grounds raised in the § 2241 petition. *Id.* at \*3. Purkey attributed the omission to the ineffectiveness of his postconviction counsel and maintained that "section 2255 is structurally inadequate to test the legality of a conviction and sentence any time a defendant receives ineffective assistance of counsel in his one permitted motion." *Id.* at \*7.

We rejected that argument, explaining that "nothing formally prevented [Purkey] from raising each of the three errors" in his § 2255 motion. *Id.* at \*8. "[T]he mechanisms of section 2255 gave him an opportunity to complain about ineffective assistance of trial counsel, and he took advantage of that opportunity." *Id.* at \*10. In short, "[t]here was nothing structurally inadequate or ineffective about section 2255 as a vehicle to make those arguments." *Id.* Purkey argued for the extension of the *Martinez/Trevino* doctrine[4] to the Savings Clause context. *Martinez/Trevino* addresses the circumstances under which a state prisoner's claim of ineffective assistance of trial counsel can be raised on federal habeas review under 28 U.S.C. § 2254 despite a procedural default. We have extended the *Martinez/Trevino* doctrine to federal prisoners. *Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015). But in *Purkey* we flatly rejected its application in the Savings Clause context, explaining that the case was governed by

---

[4] *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013).

statute, not federal common law. 2020 WL 3603779, at *11. The "pertinent statute is 29 U.S.C. § 2255(e), a statute that played no part in *Ramirez*." *Id*.

This case is indistinguishable from *Purkey*. Lee raised a claim of ineffective assistance of trial counsel in his § 2255 motion and now seeks to use § 2241 as a vehicle to raise a new argument about trial counsel's ineffectiveness. Under *Purkey* the Savings Clause does not apply; there was nothing structurally inadequate about § 2255 as a vehicle for this argument. Like Wesley Purkey, Lee invokes the *Martinez/Trevino* doctrine as interpreted in *Ramirez*. We rejected this argument in *Purkey* and that decision controls here.

Lee's *Brady/Napue* claim fares no better. As we explained in our December 6 order, the alleged "newly discovered" evidence on which this claim rests was known to Lee and is contained in the publicly available court record in Lee's 1990 Oklahoma murder case and thus was available with reasonable diligence. Accordingly, the evidence is neither newly discovered under *Webster* nor was suppressed within the meaning of *Brady*. The Savings Clause does not apply; § 2255 was not structurally inadequate or ineffective to raise the *Brady/Napue* claim.

In sum, it follows directly from *Purkey* and our earlier decision in this case that Lee's § 2241 petition was properly denied. We therefore affirm the judgment of the district court. We also deny Lee's motion for a stay of execution, filed today, which relies on the same now-rejected merits arguments.

Judgment AFFIRMED; stay motion DENIED.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit
